IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:05-CR-00096-JCB |
| v. § | |
| § | |
| § | |
| § | |
| JAMES MATTHEW POOLE § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 10, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant James Matthew Poole. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class A felony. This offense carried a statutory minimum imprisonment term of 180 months and a statutory maximum imprisonment term of life in prison. The guideline imprisonment range, based on total offense level of 30 and criminal history category of IV, was 180 months. On April 26, 2006, U.S. District Michael H. Schneider of the Eastern District of Texas sentenced Defendant to 180 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, and substance abuse testing and treatment. On March 8, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was prohibited from possessing or using a controlled substance except as prescribed by a physician. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant admitted to consuming methamphetamine on June 20, 2023, June 28, 2023, and July 10, 2023. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by consuming methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by consuming methamphetamine as alleged in the government's petition. In exchange, the government recommended to the court a term of imprisonment of 12 months and one day with no supervised release to follow to be served concurrently with the sentence imposed by a judgment entered by the Eastern District of Kentucky on October 25, 2023, in Case No. 7:20-CR-17.

The court therefore **RECOMMENDS** that Defendant James Matthew Poole's plea of true be accepted and he be sentenced to a term of imprisonment of 12 months and 1 day with no supervised release to follow to be served concurrently with the sentence imposed by a judgment entered by the Eastern District of Kentucky on October 25, 2023, in Case No. 7:20-CR-17. The

court further **RECOMMENDS** that Defendant receive credit for time served from August 11, 2023, and that he serve his sentence at FCI Seagoville, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of January, 2024.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE